UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

NATIONSTAR MORTGAGE LLC,
      Plaintiff,


       v.                                    CIVIL ACTION NO.
                                             15-13137-MBB

ALFREDO MARTINEZ,
      Defendant,

       and

OTACIA BEAUDOIN,
      Party-in-Interest.


                    **MEMORANDUM AND ORDER RE:**
            **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS**
                **TO COUNTS VI AND VII OF THE COMPLAINT**
                         **(DOCKET ENTRY # 50)**

                          **June 29, 2017**

**BOWLER, U.S.M.J.**

     Pending before this court is a motion for summary judgment on Count VI for a deficiency judgment and Count VII for possession filed by plaintiff Nationstar Mortgage LLC ("plaintiff"). (Docket Entry # 50). At a May 17, 2017 status conference, this court afforded defendant Alfredo Martinez ("defendant"), who was present in the courtroom, up to June 6, 2017 to file an opposition to the summary judgment motion and set June 22, 2017 for a hearing on the motion. Defendant failed to appear at the hearing and did not file an opposition. During the hearing, plaintiff waived the deficiency claim in Count VI. At the close of the hearing, this court took the summary judgment

motion (Docket Entry # 50) under advisement.

## BACKGROUND

On August 4, 2016, this court determined that defendant, the mortgagor, had "defaulted under the terms of" a mortgage on property located at 83-85 Wyman Street in Brockton, Massachusetts. (Docket Entry # 36). Plaintiff is the mortgagee and the authorized agent of the note holder with respect to the mortgage and the promissory note ("the note"). (Docket Entry # 36). Also on August 4, 2016, this court: (1) ordered that plaintiff "is entitled to a Conditional Judgment pursuant to G.L. c. 244, § 3"; (2) directed plaintiff to sell the property under the power of sale in the mortgage; and (3) declared that plaintiff had complied with the requirements of Massachusetts General Laws chapter 244 ("chapter 244"), sections 35A and 35B, and satisfied the notice provision in paragraph 22 of the mortgage.

Where, as here, defendant did not oppose the material facts in plaintiff's LR. 56.1 statement, defendant admits such facts. See LR. 56.1. The undisputed facts and documents establish that plaintiff timely mailed defendant a notice of sale, a note holder certification, and a notice of intention to foreclose. (Docket Entry # 50-2, ¶ 3) (Docket Entry # 50-3, Ex. B). Publication of a foreclosure sale for three successive weeks occurred with the first publication on November 24, 2016, a date not less than 21

days prior to the December 21, 2016 foreclosure. (Docket Entry # 50-2, ¶ 4) (Docket Entry # 50-3, Ex. C). At the time of the notice and the foreclosure, plaintiff was the holder of the mortgage and the authorized agent acting on behalf of the note holder. (Docket Entry # 50-3, Ex. D, E) (Docket Entry # 36). Plaintiff purchased the property for $236,491.62 at the commercially reasonable, December 21, 2016 non-judicial foreclosure sale. A foreclosure deed conveying title to plaintiff was recorded on February 3, 2017 at the Plymouth County Registry of Deeds along with an affidavit of sale showing compliance with the power of sale in the mortgage and chapter 244, section 14. (Docket Entry # 50-2, ¶ 7) (Docket Entry # 50-3, ¶ 11) (Docket Entry # 50-3, Ex. D). A post-foreclosure affidavit also reflects compliance with paragraph 22 of the mortgage. (Docket Entry # 50-3, Ex. E) (Docket Entry # 36). Defendant continues to occupy the property. (Docket Entry ## 50-2, 50-3).

## DISCUSSION

To succeed on a possession claim, the plaintiff "has 'the burden of showing that there are no material facts in dispute regarding its legal title to the property.'" Maldonado v. AMS Servicing LLC, Civil Action No. 11-40044-TSH, 2012 WL 3779164, at *2 (D. Mass. Aug. 30, 2012). The foreclosure deed and affidavit of sale deed, which defendant fails to challenge, "constitute

3

prima facie evidence of the right of possession." Federal National Mortgage Association v. Hendricks, 977 N.E.2d 552, 558 (Mass. 2012); see Bank of New York v. Bailey, 951 N.E.2d 331, 336-337 (Mass. 2011); see also Maldonado, 2012 WL 3779164, at *2. In addition, the foregoing facts establish plaintiff's compliance with: (1) the statutory foreclosure requirements; (2) the power of sale in the mortgage in accordance with Massachusetts General Laws chapter 183, section 21; and (3) the requirements of chapter 244, sections 14 and 17B. In short, plaintiff complied with the relevant statutory and contractual foreclosure requirements.

Plaintiff is therefore entitled to possession of the property. Summary judgment on Count VII for possession is warranted.

## CONCLUSION

The motion for summary judgment (Docket Entry # 50) is **ALLOWED** as to Count VII for possession and **DENIED** as moot as to Count VI for a deficiency. The deficiency count is dismissed in light of plaintiff's representation at the June 22, 2017 hearing that it does not wish to pursue a deficiency against defendant.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge